**06 CV 12879**

JS 44C/SDNY
REV. 12/2005

JUDGE CASTEL

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| GREEN, MITCHELL, et al. | ABERCROMBIE & FITCH, CO., et al. |

| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Gregory K. McGillivary, WOODLEY & MCGILLIVARY<br>1125 15th Street, NW Suite 400 Washington, DC 20005 | UNKNOWN |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

This is an action under Fair Labor Standards Act seeking declaratory judgment, backpay and other relief pursuant to 28 U.S.C. Sections 1331, 1337 and 29, U.S.C. Section 216(b), and 29 U.S.C. Section 201 et seq.

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]   Judge Previously Assigned

If yes, was this case Vol [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]   If yes, give date _____   & Case No. _____

RECEIVED NOV 02 2006 U.S.D.C. S.D.N.Y. CASHIERS

(PLACE AN [x] IN ONE BOX ONLY)         NATURE OF SUIT

                                                                ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [X] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 246 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $ UNKNOWN   OTHER _____     JUDGE _____     DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES  [ ] NO         NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

| (PLACE AN x IN ONE BOX ONLY) | | ORIGIN | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2a. Removed from State Court<br>☐ 2b. Removed from State Court AND at least one party is a pro se litigant | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from (Specify District) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judge Judgment |

| (PLACE AN x IN ONE BOX ONLY) | BASIS OF JURISDICTION | IF DIVERSITY, INDICATE CITIZENSHIP BELOW. |
|---|---|---|
| ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT | ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)   ☐ 4 DIVERSITY | (28 USC 1332, 1441) |

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Mitchell Green
P.O. Box 523344
Bronx, NY 10452
Bronx

James S. Gonzalez
49 Elm Street
Staten Island, NY 10310
Richmond

Germaine Phenard
27-50 27th Street, Top Floor
Astoria, NY 11102
Queens

Frederico Sanchez
120 91st Street #13J
New York, NY 10024
New York

Grace Sewell
509 W. 160th Street
Apt. #1C
New York, NY 10032
New York

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

CT Corporation System
On Behalf of Abercrombie & Fitch Trading Co. and
Abercrombie & Fitch Stores, Inc.
111 Eighth Street
New York, NY 10011
New York

CT Corporation System
On behalf of Abercrombie & Fitch Co.
1633 Broadway
New York, NY 10019
New York

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   ☐ WHITE PLAINS   ☒ FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 11/2/06
SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[✓] YES (DATE ADMITTED Mo. 03 Yr. 2005)
Attorney Bar Code # LS - 8260

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREEN, MITCHELL )<br>GONZALEZ, JAMES S. )<br>PHENARD, GERMAINE )<br>SANCHEZ, FREDERICO )<br>SEWELL, GRACE )<br>)<br>Individually, and on behalf of all others )<br>Similarly situated as Class Representatives, )<br>)<br>PLAINTIFFS, )<br>)<br>v. )<br>)<br>ABERCROMBIE & FITCH, CO. )<br>ABERCROMBIE & FITCH STORES, INC. )<br>ABERCROMBIE & FITCH TRADING, CO. )<br>   d/b/a Abercrombie & Fitch, )<br>   abercrombie, Hollister and Ruehl )<br>)<br>DEFENDANTS. )<br>) | Civil Action No.<br>Jury Trial Requested |

## COMPLAINT

### INTRODUCTION

1. Plaintiffs Mitchell Green, James S. Gonzalez, Germaine Phenard, Frederico Sanchez, and Grace Sewell are present and former loss prevention agents employed by Defendants. Plaintiffs regularly worked for Defendants over forty (40) hours per week without receiving overtime compensation for such hours worked. Plaintiffs, individually, on behalf of all others similarly situated, and as class representatives, by and through their attorneys, Woodley & McGillivary, complain of Defendants Abercrombie & Fitch, Co., Abercrombie & Fitch Stores, Inc., and Abercrombie & Fitch Trading, Co., d/b/a Abercrombie & Fitch, abercrombie, Hollister

and Ruehl (hereinafter referred to as "Defendants") as follows:

## NATURE OF THE ACTION

2.  Plaintiffs allege on behalf of themselves, and other similarly situated current and former loss prevention agents who worked for the Defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that they are (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive any overtime premium pay; and (ii) entitled to liquidated damages, plus attorneys fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

3.  Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former loss prevention agents who worked for Defendants, pursuant to Fed. R. Civ. Proc. 23, that they are entitled to back wages from Defendants for overtime work for which they did not receive any overtime premium pay, pursuant to the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b). Plaintiffs' claim under 29 U.S.C. § 201 et seq., the Fair Labor Standards Act, confers subject matter jurisdiction.

5.  In addition, the Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. Both the New York Minimum Wage Act claim and Fair Labor Standards Act claim involve violations of similar overtime pay statutes for the same period of work – although a longer period for New York Minimum Wage

Act violations – performed by Plaintiffs. Claims similar to the New York Minimum Wage Act claim have been litigated frequently and allege violations similar to those set forth in this action. Moreover, the New York Minimum Wage Act claim does not predominate over the Fair Labor Standards Act claim.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391. Defendants regularly transact business in this district, such that they are subject to personal jurisdiction here.

7. Defendants are engaged in interstate commerce.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ALLEGATIONS

9. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. The class which Plaintiffs seek to represent is composed of and defined as follows: all persons who, at any time during the previous three (3) years, up to and including the time class certification is granted, were employed by Defendants as loss prevention agents in any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores located throughout the United States (the "class" and "class period", respectively) (hereinafter "Plaintiffs" refer to both Named Plaintiffs and the class).

10. Plaintiffs bring their New York Minimum Wage Act claim on behalf of all persons who, at any time during the previous six (6) years, up to and including the time class certification is granted, employed by Defendants as loss prevention agents in any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores located in

3

New York State.

11. <u>Numerosity</u>. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, the class consists of several hundred employees and is too numerous to provide for individual adjudication. Plaintiffs are currently unaware of the identities of all the members of the Class. Accordingly, Defendants should be required to provide to Plaintiffs a list of all persons employed by Defendants as loss prevention agents at any of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores since November 2, 2000, stating their last known addresses and telephone numbers, so that plaintiff can give such Class members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

12. <u>Typicality</u>. The claims of the representative parties are typical of the claims of the Class.

13. <u>Commonality</u>. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members, including:

    a. whether the Defendants were required to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the New York Minimum Wage Act and the Fair Labor Standards Act; and

    b. whether the Defendants failed and/or refused to pay Plaintiffs premium pay for hours worked in excess of forty per workweek within the meaning of the New York Minimum Wage Act and the Fair Labor Standards Act.

14. <u>Adequacy of Representation</u>. The representative parties will fairly and adequately protect the interests of the Class.

15. <u>Consistency</u>. The class is large in number and widely dispersed. The prosecution of separate actions by fewer than all members of the class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the defendants. As a practical matter, prosecution of separate actions by fewer than all members of the class would be dispositive of the interests of the other members not parties to the adjudications or substantially impair their ability to protect their interests, and therefore would be an inefficient and unfair method by which to proceed. Accordingly, certification meets the requirements of Fed. R. Civ. P. 23(b)(1).

16. <u>Impracticality of Individual Suits and Class-Wide Relief</u>. A class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Common questions of law or fact predominate over any question affecting any individual member of the class. Accordingly, certification meets the requirements of Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

## THE PARTIES

17. Plaintiff Mitchell Green is an adult individual residing in Bronx, Bronx County.

5

18. Plaintiff James S. Gonzalez is an adult individual residing in Staten Island, Richmond County.

19. Plaintiff Germaine Phenard is an individual residing in Astoria, Queens County.

20. Plaintiff Frederico Sanchez is an adult individual residing in New York City, New York County.

21. Grace Sewell is an adult individual residing in New York City, New York County.

22. Upon information and belief Defendant Abercrombie & Fitch, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

23. Upon information and belief Defendant Abercrombie & Fitch Stores, Inc. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Stores, Inc. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

24. Upon information and belief Defendant Abercrombie & Fitch Trading, Co. is a domestic corporation doing business within the City and County of New York. Abercrombie & Fitch Trading, Co. maintains corporate headquarters in Columbus, OH at 6301 Fitch Path, New Albany, OH 43054.

25. Upon information and belief Defendants are specialty retailers of apparel for men, women and children, and maintain approximately 897 stores located throughout New York and across the United States, within the following divisions:

Abercrombie & Fitch, abercrombie, Hollister and Ruehl.

## STATEMENT OF FACTS

26. Plaintiffs were initially hired and employed as loss prevention agents by Defendants.

27. The Plaintiffs' work was performed on the premises of the Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores, was performed in the normal course of the Defendants' stores' business and was integrated into the business of the Defendants' stores.

28. At all relevant times, the Defendants employed one or more Plaintiffs, as loss prevention agents.

29. At all relevant times, the job of Plaintiffs has been to: (1) monitor closed circuit televisions for purposes of discovering theft of goods on company premises; (2) greet customers at store entrances and observe and report suspicious activity; (3) report and assist in handling of persons suspected of engaging in theft; and (4) providing a security presence at the store, among other security related functions.

30. Upon information and belief, the Defendants have kept records of hours worked by the Plaintiffs. At all relevant times, Plaintiffs sign logbooks indicating the date and time they arrive to work and depart from work on a given day.

31. At all relevant times, Plaintiffs are and/or were regularly scheduled to work up to forty (40) hours per week.

32. Plaintiffs regularly worked in excess of forty (40) hours per week yet the Defendants willfully failed to pay Plaintiffs overtime pay of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours per week, in

violation of the Fair Labor Standards Act and the New York Minimum Wage Act.

33. Upon information and belief, Plaintiffs have been classified by Defendants as exempt from the provisions of the FLSA, while at the same time being assigned by Defendants to perform a primary duty inconsistent with exempt status.

34. The members of the class are similarly situated because they all perform the same basic duties and assignments, and all are subject to Defendants' common policy and practice, implemented throughout all of Defendants' Abercrombie & Fitch, abercrombie, Hollister and Ruehl stores nationwide, of classifying loss prevention agents as exempt from the provisions of the FLSA.

35. Plaintiff Mitchell Green was employed by the Defendants in the position of loss prevention agent within the past three years.

36. Plaintiff James S. Gonzalez was employed by the Defendants in the position of loss prevention agent within the past three years.

37. Plaintiff Germaine Phenard was employed by the Defendants in the position of loss prevention agent within the past three years.

38. Plaintiff Frederico Sanchez was employed by the Defendants in the position of loss prevention agent within the past three years.

39. Plaintiff Grace Sewell was employed by the Defendants in the position of loss prevention agent within the past three years.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

40. For paragraphs 1 through 39, "Plaintiffs" refers to Named Plaintiffs and any class members who filed individual consents to sue in this action. Plaintiffs allege and

8

incorporate by reference the allegations in paragraphs 1 through 39 above.

41.     Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

42.     At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the FLSA.

43.     At all times relevant to this action, Plaintiffs were engaged in commerce and/or the production of goods for commerce and/or Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206(a) and 207(a).

44.     Defendants willfully failed to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

45.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

46. Plaintiffs allege and incorporate by reference the allegations in paragraphs 1 through 45 above.

47. At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of the New York Labor law, §§ 2 and 651.

48. The Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act and its regulations.

49. The Defendants' New York Labor Law violations have caused Plaintiffs irreparable harm for which there is no adequate remedy at law.

50. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

51. Plaintiffs hereby waive their right to liquidated damages under New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

52. Certify this case as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2);

53. Require Defendants to provide Plaintiffs with a list of all persons employed by Defendants at any of the Abercrombie & Fitch, abercrombie, Hollister and Ruehl

Dated: November 2, 2006

New York, NY

Respectfully submitted,

_____
Lauren Schwartzreich (LS-8260)
Gregory K. McGillivary (SSN: 0280)
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

ATTORNEYS FOR THE PLAINTIFFS

12

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

MITCHELL GreeN
Printed Name

*[signature]*
Signature

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

_James S. Gonzalez_
Printed Name

_[signature]_
Signature

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

_Germain Phanord_
Printed Name

_[signature]_
Signature

## CONSENT TO SUE

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

_Federico Sanchez_
Printed Name

_____
Signature

## **CONSENT TO SUE**

I hereby consent to sue my current/former employer Abercrombie & Fitch, for violations of the Fair Labor Standards Act and the New York State Minimum Wage Act.

_Grace Sewell_
Printed Name

_Grace Sewell_
Signature